

PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. DALLAS, | ) | |
| | ) | CASE NO. 4:22CV2057 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **SENTENCE-FOUR REMAND ORDER** |

      An Administrative Law Judge ("ALJ") denied Plaintiff John A. Dallas' applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") after a hearing in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Thomas M. Parker for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1).

(4:22CV2057)

Pending is the parties' Joint Stipulation to Remand to the Commissioner (ECF No. 9) under sentence four of 42 U.S.C. § 405(g).[1] The parties stipulate that the Court remand the matter to the Commissioner for further proceedings and a new decision.

Accordingly, the case is remanded to the Commissioner for further proceedings and a new decision. The Appeals Council shall remand this case to an ALJ for further consideration of Plaintiff's claim and development of the administrative record – including offering Plaintiff a new hearing – to determine whether Plaintiff is disabled within the meaning of the Social Security Act. After completing the foregoing and conducting any record development the ALJ deems appropriate, the ALJ shall issue a new decision.

IT IS SO ORDERED.

|     April 12, 2023     |     /s/ Benita Y. Pearson     |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

---

[1] Sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), states:
> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

2